`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

DONNA MAGWOOD,

 Plaintiff,

v.

ROYAL CARIBBEAN CRUISES,
LTD., a foreign corporation doing
business in Florida

 Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DONNA MAGWOOD, by and through undersigned counsel, sues the Defendant, ROYAL CARIBBEAN CRUISES, LTD., a foreign corporation, doing business in Florida, (hereinafter referred to as "ROYAL CARIBBEAN"), for damages and alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and exists by virtue of diversity of citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3. Federal subject matter jurisdiction also arises under and exists by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in the United States District Court for the Southern District Court, as required by the forum and venue selection clause of the Passenger Contract Ticket issued by Defendant ROYAL CARIBBEAN.

4. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), as ROYAL CARIBBEAN maintains its base of operations in this District and is engaged in and doing business in Miami-Dade County, Florida.

5. The Plaintiff, DONNA MAGWOOD, is a resident of the State of Tennessee.

6. Defendant, ROYAL CARIBBEAN, is authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida.

7. At all times material hereto, Defendant, personally and/or through an agent, subsidiary, and/or parent company, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

8. Defendant, ROYAL CARIBBEAN, at all relevant times, owned and operated the cruise ship *M/S Adventure of the Seas.*

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## ALLEGATIONS COMMON TO ALL COUNTS

10. On or about September 26, 2015, Plaintiff was a fare-paying passenger aboard the *M/S Adventure of the Seas*.

11. On or about September 26, 2015, the Plaintiff, DONNA MAGWOOD, while walking in a normal manner in one of the ship's atriums, was caused to slip and fall as a result of Defendant, ROYAL CARIBBEAN'S, failure to mark a platform's single step otherwise provide lower level illumination to differentiate the raised platform from the deck floor, in an escape area of the ship, which created a hazardous and dangerous condition to passengers, including Plaintiff.

## COUNT I – NEGLIGENCE

12. The Plaintiff, DONNA MAGWOOD, readopts and reavers paragraphs (1) through (11) above.

13. At all times material, and in particular on or about September 26, 2015, the Defendant ROYAL CARIBBEAN owed to its passengers, and in particular to the Plaintiff, the duty to exercise reasonable care to maintain and operate its vessel *Adventure of the Seas* in a reasonably safe condition.

14. At all times material, the Defendant ROYAL CARIBBEAN through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

    a. Creating a visual trap and/or tripping hazard by placing the same pattern carpeting on the step up as located on the walkway creating the illusion that there was no step up;

    b.    Allowing the existence of a visual trap and/or tripping hazard as a result of the use of the same patterned carpet on the step up as well as the walkway;

    c.    Failing to install proper and reasonable safeguards to prevent passengers from being injured when walking on the subject area;

    d.    Failing to take proper precautions for the safety of passengers using its floor and walkways;

    e.    Failing to adequately warn passenger of the dangerous condition of the walkway and step up created by the use of carpeting with the same patterned carpeting;

    f.    Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of its floors;

    g.    Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

    h.    Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery;

    i.    Failing to comply with ANSI regulations requiring proper slip-resistant flooring or properly secured carpeting on the gangway and ramp;

    j.    Failing to properly and reasonably monitor and control the activities of people in an area, especially an area where Defendant knows is an area of high traffic and continuous problems;

    k.    Failing to prevent distractions to invitees and failure to design a facility or an operation in the facility which does not have distractions to customers which would cause accidents;

    l.    Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

    m.    Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;

15. The above conditions were neither open and obvious to the Plaintiff, and accordingly, the Defendant owed the Plaintiff the duty to warn of them and/or to correct

them.

16. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

17. The Defendant had constructive knowledge of the dangerous condition by, *inter alia*, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

18. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

19. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

20. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

21. As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury resulting in economic damages in the past and in the future including but not limited to loss of wages and income, loss of the ability or potential to earn money in the future, medical expenses including but not limited to the expense of physicians, hospitalization, medical and nursing care and treatment, surgical procedures, and physical therapy, and non-economic damages in the past

and in the future including but not limited to pain, suffering, disability, physical impairment, loss of important bodily functions, scarring, disfigurement, mental anguish, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendant for economic damages in the past and in the future including but not limited to loss of wages and income, loss of the ability or potential to earn money in the future, medical expenses including but not limited to the expense of physicians, hospitalization, medical and nursing care and treatment, surgical procedures, and physical therapy, and non-economic damages in the past and in the future including but not limited to pain, suffering, disability, physical impairment, loss of important bodily functions, scarring, disfigurement, mental anguish, and loss of capacity for the enjoyment of life, all court costs, all interest under the maritime law or otherwise which accrues from the date of the incident described herein, and demands trial by jury of all issues so triale as a matter of right, and any and all other damages which the Court deems just or appropriate.

Dated this 9th day of June, 2016.

>ROBERT L. GARDANA, P.A.
>Attorney for Plaintiff
>12350 SW 132nd Court, Suite 204
>Miami, FL 33186
>Telephone: 305-358-0000
>Facsimile: 305-358-1680
>E-Mail: Gardanalaw@gmail.com
>
>By: /s/ *Robert L. Gardana*
>Robert L. Gardana, Esq.
>Florida Bar No.: 279668